## SAMUEL LOMBARD & al. vs. DAVID COBB.

Where several sureties pay the debt of their principal, and there is no evidence of a partnership, or joint interest, or of payment from a joint fund, the presumption of law is, that each paid his proportion of the same; and a joint action cannot be maintained.

EXCEPTIONS from the Court of Common Pleas.

*Assumpsit* for money paid for the defendant as his sureties, as collector of taxes in the town of *Gorham.* The plaintiffs proved that they were sureties of the defendant on his bond to the town. They also proved, that they gave a note to the town, the amount of which was indorsed on the bond, and that the note was afterwards paid by them. One of the Selectmen of the town, being called by the plaintiffs, testified, that the plaintiffs and defendant were present with the Selectmen, and that the Selectmen requested the plaintiffs to give the town a note for the defendant's default, as collector of taxes, and that the defendant was present when the note was given, and at the settlement of the amount, and made no objection. There was no evidence by whom the payment of the note was made, nor from what fund. The counsel for the defendant contended, that a nonsuit should be ordered, because the plaintiffs could not join in the action, they not being partners, and not having paid the note out of a joint fund, and there being no evidence of any express promise to them jointly. There was another objection made, but as it was not considered by the Court, it is not stated, nor the arguments bearing upon it given. *Whitman C. J.,* before

Lombard *v.* Cobb.

whom the trial was had, was of opinion, that the plaintiffs were rightly joined in the action, and instructed the jury to return their verdict for the plaintiffs, which they did, and the defendant filed exceptions.

*Adams*, for the defendant, argued that the rule of law was, that several sureties who had paid the debt of their principal, could not join in an action against him, but each must seek his separate remedy. The exceptions to the rule are, that they are partners, or have paid the note out of a joint fund, or there has been an express joint promise to pay, or indemnify them. The present case does not come within either of the exceptions. *Chitty on Pl.* 8; *Graham* v. *Robertson*, 2 *T. R.* 282; *Beman* v. *Blanchard*, 4 *Wend.* 432; *Foster* v. *Johnson*, 5 *Vermont R.* 60; *Scott* v. *Goodwin*, 1 *B. & P.* 67.

*J. Pierce*, for the plaintiffs, said, that the defendant was present when the plaintiffs gave their joint note, and that in fact it was paid by their jointly supporting the poor of the town. Although the witness could not state, how the note was paid, yet as they gave a joint note, the presumption is, that its payment was joint. Where there is a joint damage all may join in bringing the suit. 1 *Chitty on Pl.* 54; 2 *Mason*, 181; 3 *Taunt.* 87; 12 *Johns. R.* 1; 14 *Johns. R.* 358; 17 *Johns. R.* 113; 13 *Petersdorf's Ab.* 90.

The opinion of the Court was drawn up by

SHEPLEY J. — The plaintiffs were sureties for the defendant on a bond given by him to the treasurer of the town of *Gorham*, to secure the faithful discharge of his duties as collector of taxes. The defendant having failed to collect, and pay as required, and the plaintiffs having been called upon, they made and signed a note payable to the treasurer for the amount said to be due from the collector. The case states, " and it was further proved, that the plaintiffs had duly paid said note before the bringing of the action. The defendant's counsel objected, that the action could not be maintained, because the plaintiffs could not join in the action, they not being partners, nor having paid said note out of any joint fund; and there being no evidence of any express promise to them jointly by the defendant to pay or indemnify them against said note or

Lombard *v.* Cobb.

their liabilities." The jury were instructed, "that the plaintiffs were rightly joined in the action."

In simple contracts where the consideration is joint, as payment from a joint fund; or where there is an express joint promise; or where the consideration has moved separately from each and the benefit to be derived from the contract is joint; the action should be in the name of all. 1 *Roll. Ab.* 31, *pl._9*; 5 *East*, 225, *Osborne et al.* v. *Harper;* 1 *Taunt.* 7, *Hill* v. *Tucker.* But where two, or more, are liable to pay for others, and pay separately they cannot join. 2 *T. R.* 282, *Graham et als.* v. *Robertson;* 3 *Bos. & Pull.* 235, *Brand et al.* v. *Boulcot.* In this case there is no evidence, whether the payment was made from a joint fund, or separately by each. There being no evidence of a partnership, or joint interest, the presumption is, that each fulfilled his duty by paying his own share. If one were to sue the other for contribution, the presumption would be, that each paid the share which the law exacted of him, and that presumption must be removed by proof. The case of *Osborne et al.* v. *Harper*, as first presented to the Court, was like this case in that respect, the proof being, that the attorney paid the money, at the request of the plaintiffs. After argument, the Court directed the attorney to make affidavit, and it so being made to appear, that the money had been partly advanced on their joint credit, and partly borrowed on their joint note, the action was sustained. And such proof seems to have been considered as necessary to sustain it.

Where the assessors of a town had paid money for which they were liable, it was held to be the presumption of law, that the assessors had individually paid their proportions of the same. 7 *Pick.* 18, *Nelson* v. *Milford.*

The plaintiff's counsel in argument asserts, that the payment in this case was in fact made out of a joint fund, obtained by their performing a joint contract for the support of the poor. If such testimony had appeared in the case, it would have been sufficient to enable them to maintain the action jointly, but as it does not, this Court cannot so consider it. It has not become necessary to consider the other point in the case, as a new trial must be granted, and any defect of testimony may be supplied.

*Exceptions sustained and new trial granted.*